PER CURIAM.
The Appellant seeks review of an order denying his request for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We are unable to conclude from *563 the record before us that the Appellant is entitled to no relief and reverse on that basis.
The Appellant was sentenced to 12 years as an habitual offender pursuant to a negotiated plea agreement. The plea agreement reflects the Appellant’s guilty plea to “count three” and the State’s nolle prosequi of counts one, two, and four. The record is contradictory as to this issue. While the judgment notes count three as burglary of a dwelling, a second degree felony, it appeal’s that trial court sentenced the Appellant to count three as possession of burglary tools, a third degree felony. The Appellant alleges that the offense to which he agreed to plead his guilt was possession of burglary tools. If true, the maximum legal sentence would be a term not exceeding 10 years. See section 775.084(4)(b)3., Florida Statutes (1993).
We are unable to conclude that the Appellant is not entitled to relief on this claim. As we have stated, the judgment and sentence is contradictory. The record does not contain the charging document or a transcript of the plea colloquy. Therefore, we reverse and remand to the trial court either to attach to its order such portions of the record that may conclusively show that the Appellant is entitled to no relief or to grant for an eviden-tiary hearing on the merits of appellant’s claim.
The Appellant’s second issue is without merit and we affirm without discussion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED with directions.
MINER and LAWRENCE, JJ., and SHIVERS, Senior Judge, concur.